# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAL HATCHER, : | |
|     Petitioner, : | |
| : | |
| v. : | Civ. No. 18-4229 |
| : | |
| MICHAEL CLARK, et al., : | |
|     Respondents. : | |

## O R D E R

Petitioner Jamal Hatcher has filed *pro se* objections to Magistrate Judge Caracappa's Report and Recommendation regarding his Petition for habeas relief. (Doc. Nos. 19, 21); 28 U.S.C. § 2254. I will overrule his objections, adopt Judge Caracappa's recommendations, and hold the instant Habeas Petition in abeyance pending resolution of Hatcher's second PCRA petition.

## I.     LEGAL STANDARDS

I must review *de novo* those portions of the Report to which timely, specific objections have been filed. 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part" Judge Caracappa's findings or recommendations. Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to the 1983 amendment; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

I may grant habeas relief only if the state court's adjudication of Hatcher's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To warrant habeas relief, the state court's decision must be "objectively unreasonable;" I may not grant relief "merely because [I] conclude that the state court applied federal law erroneously or incorrectly." Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005); see also Cavazos v. Smith, 132 S. Ct. 2, 4 (2011) ("[A] federal court may not overturn a state court decision . . . simply because the federal court disagrees with the state court.").

**II.     BACKGROUND**

On May 10, 2011, a Philadelphia Common Pleas Court jury convicted Hatcher of attempted murder, aggravated assault, conspiracy, and various firearms offenses. (Report & Recommendation, Doc. No. 17, at 1.) Hatcher received a sentence of thirty to sixty years' imprisonment. The Superior Court rejected his direct appeal.

Hatcher filed a *pro se* petition for postconviction relief on March 17, 2014. See Post Conviction Relief Act, 42 Pa. C.S. § 9541 et seq.; (R&R at 1–2.) The PCRA court dismissed his petition; the Superior Court affirmed.

On September 12, 2018, Hatcher filed a second *pro se* PCRA petition, in which he alleged the existence of newly-discovered exculpatory evidence. The PCRA court dismissed the second petition, and her again appealed. Hatcher's appeal is pending before the Superior Court. (R&R at 4.)

On September 24, 2018, Hatcher filed the instant *pro se* Habeas Petition. 28 U.S.C. § 2254. He alleges that: (1) his trial counsel ineffectively failed to object to an in-court identification; and (2) newly-discovered evidence reveals that the Commonwealth "presented false testimony, suppressed exculpatory and impeaching evidence, and fabricated incriminating evidence." (R&R

2

at 3 (quoting Petition for Writ of Habeas Corpus, Doc. No. 2, at 10).) After filing the Petition, Hatcher requested a stay of the federal proceeding to allow the Superior Court to resolve his pending appeal. (Doc. No. 4.) Respondent agreed that a stay is appropriate. (Doc. No. 15.)

Judge Caracappa recommends staying the instant Petition pending Hatcher's second PCRA appeal. The Petition contains at least one unexhausted claim (regarding after-discovered evidence), so review at this point is premature. 28 U.S.C. § 2254(c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). Not only does the pending Superior Court appeal render Petitioner's claim unexhausted, but it also presents a practical difficulty: the state court record has not yet been provided to Judge Caracappa. (R&R at 4.) Moreover, if the state court dismisses Hatcher's second "PCRA petition as untimely, [he] would have no time remaining to refile" a new habeas petition. (Id. at 8.) Judge Caracappa thus recommends that I exercise my discretion to stay and abey this matter. Rhines v. Weber, 544 U.S. 269, 277–78 (2005).

I agree with Judge Caracappa. Without the state court record, it is impossible to assess the merits of Hatcher's Habeas Petition. Moreover, dismissing Hatcher's Petition might entirely foreclose habeas review. Accordingly, I will stay this matter and hold it in abeyance.

## III.   OBJECTIONS

Hatcher urged Judge Caracappa to recommend a stay in the first place; he offers no objections to the recommendation and agrees with Judge Caracappa. Rather, Hatcher raises three objections unrelated to the merits of his Petition.

First, Hatcher notes that he is imprisoned at SCI–Albion, not at SCI–Smithfield. (Doc. No. 18, ¶ 1.)

Hatcher next agrees that he exhausted his ineffectiveness claim in his first PCRA petition

(not on direct appeal). (Id. ¶ 4.)

Finally, Hatcher objects to Judge Caracappa's recommendation that I deny his Motion for an extension to file a reply to Respondents' response to his stay motion. (Id. ¶ 5.) As Judge Caracappa and Respondents both observe, however, the submission to which Hatcher wishes to reply advances no argument: Respondents simply agreed that a stay would be appropriate. (R&R at 8; Doc. No. 21, at 3.) If Hatcher is unsuccessful before the Superior Court and wishes to pursue Habeas relief here, Judge Caracappa will set an appropriate briefing schedule once she receives the state court record.

In sum, I will overrule Hatcher's objections. Because the matter will remain stayed pending resolution of his state court proceedings, I will also deny without prejudice his Motion for Appointment of Counsel and for an Evidentiary Hearing. (Doc. No. 22.) These issues, like the briefing schedule, are premature.

## IV. CONCLUSION

**AND NOW**, this 27th day of November, 2019, upon consideration of the pleadings and record herein, and after careful review of Judge Caracappa's Report and Recommendation (Doc. No. 19) and all related filings, it is hereby **ORDERED** that:

1. Petitioner's objections to the Report and Recommendation (Doc. No. 18) are **OVERRULED**;

2. Judge Caracappa's Report and Recommendation (Doc. No. 19) is **APPROVED** and **ADOPTED**;

3. Petitioner's Motion to Appoint Counsel (Doc. No. 22) is **DENIED without prejudice**;

4. Petitioner's Motion to Stay (Doc. No. 4) is **GRANTED**;

5. Petitioner **SHALL** notify the Court within forty-five days of the conclusion of his pending state court proceedings;

6. Petitioner's Motion (Doc. No. 16) for an extension of time to file a reply is **DENIED without prejudice**;

7. There are no grounds to issue a certificate of appealability; and

8. The Clerk of Court **SHALL** mark this case closed for statistical purposes.

                                                  **AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.